**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK L. GOLDSMITH,

      Petitioner-Appellant,

v.

LOUIS BRUCE; PHILL KLINE,
Attorney General for the State of
Kansas,

      Respondents-Appellees.

No. 04-3117
(District of Kansas)
(D.C. No. 03-CV-3154-WEB)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Jack L. Goldsmith seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Goldsmith has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a jury trial, Goldsmith was convicted of aggravated kidnapping, aggravated burglary, aggravated sodomy, and rape. His convictions were affirmed on direct appeal by the Kansas Court of Appeals in an unpublished opinion. Goldsmith then filed for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. The state district court denied post-conviction relief and that decision was affirmed by the Kansas Court of Appeals. The Kansas Supreme Court denied review.

Goldsmith filed the instant § 2254 habeas petition on April 3, 2003. In his petition, Goldsmith asserted that the evidence was insufficient to sustain his convictions; that his counsel was constitutionally ineffective for a myriad of reasons; and that the prosecution engaged in numerous acts of perjury, obstruction, and conspiracy. Goldsmith also sought DNA testing. The district court addressed each claim in turn. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court concluded that the Kansas state courts' adjudication of Goldsmith's sufficiency-of-the-evidence claim and several of his ineffective assistance claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Accordingly, the district court denied Goldsmith relief on those claims.

The district court then reviewed *de novo* the remaining ineffective assistance of counsel claims and Goldsmith's claims relating to allegations of prosecutorial misconduct. The court concluded that Goldsmith was not entitled to relief on any of these claims. Finally, the court denied Goldsmith's request for DNA testing.

This court cannot grant Goldsmith a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Goldsmith has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003). Goldsmith is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Goldsmith's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Goldsmith is not entitled to a COA. The district court's resolution of Goldsmith's

claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Goldsmith has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Goldsmith's request for a COA and **dismisses** this appeal. All outstanding motions are **denied**.

Entered for the Court
PATRICK FISHER, Clerk


By:
    Deputy Clerk